QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
  John Lee (Bar No. 272229)
  johnlee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

  Karin Kramer (Bar No. 87346)
  karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Hyundai Motor America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

| | |
|---|---|
| GUNTHER KRAUTH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | CASE NO. SACV12-01935 GW (FFMx)<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION PENDING RULING OF JPML ON PLAINTIFF KRAUTH'S MDL PETITION**<br><br>[Declaration of Shon Morgan filed concurrently; [Proposed] Order lodged concurrently]<br><br>Hon. George H. Wu<br><br>Date:     January 7, 2013<br>Time:     8:30 a.m.<br>Crtm:     10 (Spring Street)<br><br>Filing Date: November 6, 2012 |

Case No. SACV12-01935 GW(FFMx)
HMA'S MOTION TO STAY ACTION PENDING RULING OF JPML ON PLAINTIFF KRAUTH'S MDL PETITION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 7, 2013, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 10 before the Hon. George H. Wu of the United States District Court, Central District of California, defendant Hyundai Motor America ("HMA") will, and hereby does, move this Court for an order staying all proceedings in this case other than *pro hac vice* applications, including defendant's obligation to respond to plaintiff's complaint and, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on plaintiff Krauth's motion for transfer pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

This motion is made on the grounds that plaintiff's own transfer motion is currently pending before the JPML. A temporary stay would cause no prejudice to plaintiff, while conserving significant resources for the parties and the Court. This motion is based on this notice of motion and motion, the attached memorandum of points and authorities in support thereof, the concurrently filed declaration of Shon Morgan, and all pleadings and papers on file in this action and in the referenced actions, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

In accordance with Local Rule 7-3, HMA's counsel met and conferred with plaintiff's counsel on November 18 and 28, and December 6, 7 and 10, 2012. Plaintiff's counsel indicated that they oppose this motion.

DATED: December 10, 2012          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  */s/ Shon Morgan*
                                      Shon Morgan
                                      *Attorneys for Defendant Hyundai Motor America*

Case No. SACV12-01935 GW(FFMx)
HMA'S MOTION TO STAY ACTION PENDING RULING OF
JPML ON PLAINTIFF KRAUTH'S MDL PETITION

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

This is one of at least twenty-one cases pending in seven different federal district courts across the country involving claims of fuel economy calculations or inaccurate fuel economy representations against Hyundai Motor America ("HMA") and Kia Motors America, Inc. ("KMA"). Nineteen of the twenty-one cases are related to HMA's and/or KMA's announcement on November 2, 2012 that they were adjusting the Environmental Protection Agency miles-per-gallon estimates for certain vehicles. The plaintiff in this case has already filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML") to coordinate and transfer twenty of these cases. For the nineteen cases related to the November 2, 2012 announcement, due to the nearly identical allegations in each complaint, the number of cases, and their geographical dispersion, the motion to transfer likely will be granted. Accordingly, HMA respectfully requests that the Court enter an Order staying all proceedings in this case other than *pro hac vice* applications, including defendant's obligation to respond to plaintiff's complaint, until the Judicial Panel on Multidistrict Litigation ("JPML") resolves plaintiff's motion pursuant to 28 U.S.C. § 1407 to transfer this and several other actions to this District that is now pending in MDL No. 2424.

## Relevant Background

Plaintiff filed this case on November 6, 2012. Neither party has conducted any formal discovery or taken depositions, and the Court has not set a trial date. HMA's response to the Complaint is due on January 8, 2013, and absent a stay, HMA intends to file a motion to dismiss. No other motions in this action are pending before this Court.

At least nineteen other lawsuits are pending against HMA or KMA in district courts across the country.[1] Each alleges that HMA or KMA made misrepresentations about their vehicles' EPA fuel economy ratings and/or miscalculated their fuel economy ratings. The plaintiffs in these nineteen cases seek damages for the allegedly diminished value of their vehicles and for allegedly incurring higher fuel costs than otherwise would have been the case.

On November 19, 2012, plaintiff in this action filed a petition with the JPML to transfer and consolidate or coordinate twelve cases, including plaintiff's own case, to the Central District of California. (*See* Morgan Decl., ¶ 3 and Exh. 1). That same day, two other motions for transfer to the Central District of California were filed. One of those petitions was filed by HMA, and the other was filed by the plaintiffs in *Brady, et al. v. Hyundai Motor America, et al.*, Case No. 8:12-cv-01930 (C.D. Cal.). As plaintiff Krauth's petition (MDL No. 2424) was first-filed, the JPML will use it to adjudicate the transfer motions, and both HMA and the *Brady* plaintiffs have withdrawn their motions to transfer. Since then, eight other cases have been noticed as related cases to the MDL petition. (*See* Morgan Decl., ¶¶ 3-7 and Exhs. 2-6).

To date, HMA has been granted one stay,[2] filed three stipulated stays,[3] and agreed to one stay in principle pending resolution of this MDL petition.[4] (*See* Morgan Decl., ¶¶ 8-12 and Exhs. 7-11). KMA has also filed a stipulated stay in one case before Judge Selna in this District.[5] (*See* Morgan Decl., ¶ 13 and Exh. 12).

---

[1] *See* Appendix A attached to this memorandum, which lists all the cases currently pending before the JPML.
[2] *Rottner v. HMA*, No. 12-cv-09196 (N.D. Ill.).
[3] *Maturani v. HMA,* No. 12-cv-0998 (M.D. Ala.); *Lipman v. HMA, et al.*, No. 12-cv-09323 (N.D. Ill.); *Gudgalis v. HMA*, No. 12-cv-09580 (N.D. Ill.).
[4] *Kievit et al. v. HMA,* No. 12-cv-06999 (D. N.J.).
[5] *Wilton, et al. v. KMA,* No. 12-cv-01917 (C.D. Cal.).

HMA intends to move to stay each of the other related cases pending the JPML's decision.

### Argument

"[T]he power to stay proceedings is incident to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-6580, 2011 WL 4469532, at *1 (C.D. Cal. Sept. 21, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (granting motion to stay given likelihood case would be transferred by JPML). Courts weigh three factors in deciding whether to stay a motion pending a decision on a JPML transfer motion: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (granting motion to stay pending resolution of MDL petition). Each of these three factors weighs heavily in favor of granting a stay in this case.

First, a temporary stay will not prejudice plaintiff. As noted above, plaintiff in this case was the first party to request that the JPML coordinate and consolidate the related cases against HMA and KMA. In so doing, plaintiff noted that the actions "involve numerous common questions of fact, meaning transfer for coordination or consolidation would serve the convenience of parties and witnesses." (*See* Morgan Decl., ¶ 2 and Exh. 1 at 10). Yet despite the fact that plaintiff affirmatively requested that the transfer be granted, plaintiff has not agreed to stay these proceedings pending the JPML's decision. This inconsistency is likely explained by a perceived strategic advantage vis-à-vis the other plaintiffs' counsel groups that plaintiff's counsel in this action could gain through a ruling by this Court on a motion to dismiss before the JPML's decision on the transfer motion.

Indeed, plaintiff has already sought to intervene in one of the putative MDL's Central District cases, *Espinosa, et al. v. HMA, et al.*, No. 12-cv-00800 (C.D. Cal), for the limited purpose of seeking a continuance of the determination of the motion to certify the class and appoint class counsel, or to appoint Krauth's counsel as Lead Class Counsel.  (*See* Morgan Decl.*,* ¶ 14 and Exh. 13).

   This case is at a much earlier stage than *Espinosa*: plaintiff has just filed the complaint, no motions or responsive pleadings have been filed, and no formal discovery has begun.  Defendant anticipates that the JPML will consider the motion to transfer at its hearing session scheduled for January 31, 2013, which is just a few weeks after this motion will be heard.  Consequently, there can be no cognizable harm to plaintiff from a brief stay until the transfer issue is decided by the JPML.

   Second, HMA will suffer significant hardship if a stay is not granted.  Absent a stay, HMA will have to prepare and argue its motion to dismiss in this case-- activity that will be rendered of no consequence in the likely event that a transfer is ordered.  Depending on timing, HMA could also be required to engage in repetitive preliminary discovery and Rule 26 efforts.  Thus, a stay in this matter will conserve significant resources for HMA with no detriment to plaintiff.

   Finally, a stay would significantly conserve judicial resources and avoid the likelihood of inconsistent decisions.  The JPML likely will order transfer of these actions, as nearly all of the complaints in question make identical allegations.  Each claims that HMA made false, misleading, or otherwise improper statements about its vehicles' fuel economy ratings or miscalculated its fuel economy ratings, resulting in higher purchase prices or fuel costs.  The similarity of these allegations weighs heavily in favor of coordination of actions under JPML procedures.  *See* 28 U.S.C. § 1407(a) (JPML may transfer actions that involve one or more common questions of fact pending in different judicial districts).

Many of the issues that the Court would have to address absent a stay, including HMA's motion to dismiss, discovery, and class certification, necessarily will need to be addressed in each of the other cases. As plaintiff noted in his own MDL petition, "[t]he courts will benefit from transfer for coordination or consolidation for many of the same reasons as the parties and witnesses—namely, eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the time and resources of the parties, their counsel, and the judiciary." (*See* Morgan Decl., ¶ 2 and Exh. 1 at 16). Indeed, in the absence of a stay, this Court's orders could be inconsistent with other courts' decisions on the same issues, or they could be reversed by the transferee court. *See* Manual for Complex Litigation, § 20.132 (4th Ed. 2004) ("The transferee judge may vacate or modify any order of a transferor court, including protective orders . . . ."). In recognition of this possibility, "[a] stay is generally granted pending transfer when it would avoid the needless duplication of work and the possibility of inconsistent rulings." *Blalock v. DePuy Orthopaedics, Inc.*, No. 11-04746 , 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) (granting stay pending transfer of action to MDL proceedings).

Courts in this district routinely grant motions to stay under these circumstances. *See, e.g., Barnes v. Equinox Group, Inc.*, No. 10-03586, 2010 WL 5479624 (N.D. Cal. Dec. 30, 2010) (granting motion to stay pending MDL Panel's ruling on motion to transfer); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. 03-813, 2003 WL 22025158, at *2-3 (C.D. Cal. June 30, 2003) (same); *Walt Disney*, 980 F. Supp. at 1362 (same). There is no compelling reason for a different result here.

## Conclusion

For the foregoing reasons, HMA respectfully requests that the Court stay this matter other than *pro hac vice* applications, including HMA's obligation to respond to plaintiff's complaint, until the JPML has ruled on plaintiff's MDL petition.

DATED:  December 10, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Shon Morgan*
   Shon Morgan
   Attorneys for Defendant Hyundai Motor America

# Appendix A

| Case Name | Case Number and Judge | Date Filed | Date Served |
|---|---|---|---|
| *Bobby Brandon Armstrong v. Kia Motors America and Does 1-10* | 12-cv-01065 (M.D. Ala.)<br><br>Hon. Susan R. Walker | 12/6/2012 | n/a (HMA is not named as a defendant) |
| *Kaylene P. Brady, Travis Brissey, Colnett Brubaker, Ronald J. Burkard, Adam Cloutier, Steven Craig, John J. Dixon, Erin L. Fanthorpe, Eric Hadesh, Michael P. Keeth, John Kirk MacDonald, Michael Mandahl, Nicholas McDaniel, Mary J. Moran-Spicuzza, Steve B. Perry, Gary Pincas, Brandon Potter, Thomas Purdy, Rocco Renghini, Michelle Singleton, Ken Smiley, Gregory M. Sonstein, Roman Starno, Gayle A. Stephenson, Andres Villivana, and Richard Williams v.*<br><br>*Hyundai Motor America, and Kia Motors America, Inc.* | 12-cv-01930 (C.D. Cal.)<br><br>Hon. James V. Selna | 11/6/2012 | HMA has not been served |
| *Kehlie R. Espinosa, Lillian E. Levoff, Thomas Ganim, and Daniel Baldeschi v. Hyundai Motor America, and Does 1-10* | 12-cv-00800 (C.D. Cal.)<br><br>Hon. George H. Wu | 1/6/2012 (removed 1/30/2012) | n/a (HMA removed before being served) |

| Case Name | Case Number and Judge | Date Filed | Date Served |
|---|---|---|---|
| *Eric Graewingholt and Bradford L. Hirsch v. Hyundai Motor America, Kia Motors America, Inc.* | 12-cv-01963 (C.D. Cal.) Hon. James V. Selna | 11/9/2012 | HMA has not been served |
| *James Gudgalis, Sarah Kundrat, and James Kundrat v. Hyundai Motor America, and Does 1 through 10* | 12-cv-09580 (N.D. Ill.) Hon. Samuel Der-Yeghiayan | 11/30/2012 | 12/5/2012 |
| *Nicole Marie Hunter, E. Brandon Bowron, and Giuseppina Roberto v. Hyundai Motor America, and Kia Motors America, Inc.* | 12-cv-01909 (C.D. Cal.) Hon. James V. Selna | 11/2/2012 | HMA has not been served |
| *Lydia Kievit and Peter Blumer v. Hyundai Motor America* | 12-cv-06999 (D.N.J.) Hon. Kevin McNulty | 11/9/2012 | 11/30/2012 |
| *Gunther Krauth v. Hyundai Motor America* | 12-cv-01935 (C.D. Cal.) Hon. George H. Wu | 11/6/2012 | 11/15/2012 |
| *Joel L. Lipman v. Hyundai Motor America, and Grossinger Autoplex, Inc.* | 12-cv-9323 (N.D. Ill.) Hon. Ronald A. Guzman | 11/2/2012 (removed on 11/21/2012) | 11/8/2012 (Grossinger Autoplex, Inc.); 11/13/2012 (HMA) |
| *Alex Maturani v. Hyundai Motor America* | 12-cv-00998 (M.D. Ala.) Hon. Sharon L. Blackburn | 11/9/2012 | 11/15/2012 |

8

Case No. SACV12-01935 GW(FFMx)
HMA'S MOTION TO STAY ACTION PENDING RULING OF
JPML ON PLAINTIFF KRAUTH'S MDL PETITION

| Case Name | Case Number and Judge | Date Filed | Date Served |
|---|---|---|---|
| *Edwin Naythons v.* *Hyundai Motor Company, Hyundai Motor America* | 12-cv-07428 (D.N.J.) Hon. Noel Hillman | 12/4/2012 | HMA has not been served |
| *Eric J. Olson and Mordechai Schiffer v.* *Hyundai Motor Company, Hyundai Motor America, Kia Motors Corporation, Kia Motors America, Inc., and Does 1-50* | 12-cv-02025 (C.D. Cal.) Hon. James V. Selna | 11/20/2012 | 11/26/2012 |
| *Niloufar Rezai v.* *Hyundai Motor America* | 12-cv-09124 (N.D. Ill.) Hon. Ruben Castillo | 11/14/2012 | HMA has not been served |
| *Jack Rottner v.* *Hyundai Motor America* | 12-cv-09196 (N.D. Ill.) Hon. Robert W. Gettleman | 11/15/2012 | 11/16/2012 |
| *Rebecca Sanders, Jeffrey Millar, Molly Simons, Paul Romero, Richard Sydnor, and Latoya Davis v.* *Hyundai Motor America, Kia Motors America, Inc.* | 12-cv-00853 (S.D. Ohio) Hon. Susan J. Dlott | 11/4/2012 | 11/8/2012 |
| *Aaron Simmons v.* *Kia Motors Corporation, Kia Motors America, Inc., and Hyundai Motor Company* | 12-cv-01504 (C.D. Ill.) Hon. Joe B. McDade | 12/4/2012 | n/a (HMA is not named as a defendant) |

| Case Name | Case Number and Judge | Date Filed | Date Served |
|---|---|---|---|
| *Georgia L. Thomas, David E. Hill, Chad McKinney, and Robert Queen, Jr. v.* *Hyundai Motor America, and Kia Motors America, Inc.* | 12-cv-02008 (C.D. Cal.) Hon. James V. Selna | 11/16/2012 | 12/5/2012 |
| *Reece Philip Thomson and Ashley Cephas v.* *Hyundai Motor America, and Kia Motors America, Inc.* | 12-cv-01981 (C.D. Cal.) Hon. James V. Selna | 11/13/2012 | HMA has not been served |
| *Jeremy Wilton, Sean Goldsberry, Cynthia Navarro, Shelly Henderson, Owen Chapman, Robert Trader, and Michael Brein v.* *Kia Motors America, Inc.* | 12-cv-01917 (C.D. Cal.) Hon. James V. Selna | 11/5/2012 | n/a (HMA is not named as a defendant) |
| *Richard Woodruff v.* *Kia Motors America, Inc., and Does 1 through 10* | 12-cv-06155 (N.D. Cal.) Hon. Joseph C. Spero | 12/4/2012 | n/a (HMA is not named as a defendant) |